UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES DENNIS HAWKINS,<br><br>                    Petitioner,<br><br>  v.<br><br>MAGGIE MILLER-STOUT,<br><br>                    Respondent. | No. C12-5477 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  October 12, 2012** |

      Petitioner Charles Dennis Hawkins filed a habeas corpus petition challenging his custody under a state court judgment and sentence. ECF No. 1. Respondent has filed her answer and submitted the relevant state court record. ECF Nos. 19 and 20. Mr. Hawkins moves for an Order enjoining the Lewis County Prosecuting Attorney and the Cowlitz County Superior Court from conducting a hearing concerning Mr. Hawkins' judgment and sentence. ECF No. 16. Respondent opposes the motion. ECF No. 17. Petitioner filed a reply. ECF No. 18. The undersigned recommends that the motion be denied.

## DISCUSSION

      Mr. Hawkins asks this Court to issue an order enjoining the Lewis County prosecutor and the Cowlitz County Superior Court from amending his judgment and sentence to add to his legal financial obligations the amount of costs recently awarded against Mr. Hawkins. ECF No. 16, at 5 and 7. Mr. Hawkins asks for an injunction because he believes the proposed amendment will moot his federal petition. ECF No. 16. However, the relief Petitioner seeks is not appropriate in this habeas corpus action.

REPORT AND RECOMMENDATION - 1

Injunctive relief is generally not a remedy in a federal habeas corpus action. *Preiser v. Rodriquez*, 411 U.S. 475, 493 (1973); *Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992). "[W]hile a writ of habeas corpus may resemble injunctive relief to the extent that the writ requires state officials to cease enforcing a statute with regard to a particular petitioner, a habeas writ does not grant injunctive relief." *Clifton v. Attorney General of State of Calif.*, 997 F.2d 660, 663 (9th Cir. 1993); *see also McClendon v. Trigg*, 79 F.3d 557, 558 (7th Cir. 1996). "Section 2254 authorizes a federal court to grant relief from unlawful custody, not to adjudicate all potential grievances between a prisoner and the state." *Trigg*, 79 F.3d at 559. The purpose of the writ of habeas corpus is solely to relieve a person from unconstitutional custody.

First, it is entirely unclear how adding to Mr. Hawkins' legal financial obligations the amount of costs recently awarded against him would moot his federal petition. Second, this Court cannot enjoin the Lewis County prosecutor or the Cowlitz County Superior Court because neither are parties to this federal habeas corpus action. Rule 65(d)(2) provides that an order for injunctive relief binds only the parties, officers and agents of the parties, and persons who are in active concert or participation with the parties. Fed. R. Civ. P. 65(d)(2). Third, the *Younger* abstention doctrine bars the requested injunctive relief in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Moore v. Sims*, 442 U.S. 415, 423 (1979). "Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings...." *The San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see also* 28 U.S.C. § 2283 (Court may not enjoin state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

REPORT AND RECOMMENDATION - 2

In addition, injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 9 How. 10, 33, 13 L.Ed. 25 (1850)); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The party seeking injunctive relief must also "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (emphasis in original). To obtain preliminary objective relief, a party must show that he is likely to succeed on the merits, that he is likely to suffer harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Mr. Hawkins fails to satisfy any of the foregoing elements. He fails to show how the prosecutor's request to amend his judgment will moot his federal petition nor does he contend that he will not have adequate opportunity to raise any objections to the prosecutor's request to amend his judgment at the state court hearing.

This Court may proceed to consider Mr. Hawkins' petition for habeas corpus relief and if appropriate, issue a writ of habeas corpus to eliminate the alleged unconstitutional custody. However, the Court may not intercede in any state court proceeding regarding the amendment of the judgment.

## CONCLUSION

Accordingly, it is recommended that Mr. Hawkins' motion for preliminary injunctive relief (ECF No. 16) be **DENIED.**

REPORT AND RECOMMENDATION - 3

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 12, 2012**, as noted in the caption.

**DATED** this  17th  day of September, 2012.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4