UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES DENNIS HAWKINS,

                    Petitioner,

    v.

MAGGIE MILLER-STOUT,

                  Respondent.

No. C12-5477 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  December 7, 2012**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner was convicted of first degree murder on April 17, 1987.  He has filed previous 28 U.S.C. § 2254 challenges to that conviction.  In this action, Petitioner challenges "the state's actions at his resentencing hearing on May 7, 2010."  ECF No. 1, p. 11.  The Court has determined that the petition is successive and should be transferred to the Ninth Circuit.

## STATEMENT OF THE CASE

**A.    Statement Of Material Facts**

Mr. Hawkins is in custody pursuant to a state court judgment and sentence imposed for his conviction for first degree murder. ECF No. 20, Exhibit 1.  The Washington Court of Appeals summarized the facts underlying Mr. Hawkins's conviction as follows:

> Oda Couch, an elderly man, was found dead in his trailer home in Randle, Washington, on the night of November 13, 1984.  His house had been set on fire with a flammable liquid, and his body was badly burned.  The cause of death was determined to be asphyxiation by inhalation of smoke and carbon monoxide; the discovery of soot in his larynx indicated that he was alive at the time of the fire. Mr. Couch had been severely beaten before he died in the fire.  He suffered a

REPORT AND RECOMMENDATION - 1

depressed skull fracture that was consistent with a blow from a hammer or pipe. He also had seven broken backside ribs, a type of injury that requires considerably more force than the use of a fist and is commonly seen in automobile accidents. In addition, large amounts of Mr. Couch's currency and coins were missing from the trailer.

Charles Hawkins was first implicated in the crime when his former wife, Kimberly Young, approached the Lewis County Sheriff's Office in March 1985. She reported that Charles admitted that he and his brother David, Robin Combs, Dawn Edeburn (David Hawkins' girlfriend), and Rick Young (Kimberly Young's brother) were involved in Oda Couch's murder.  He told Ms. Young that the group's plans to burglarize Couch's home went awry when Combs had a violent scuffle with the victim.  Charles said he put the victim out of his misery by slitting his throat and created the appearance of an accident by wrapping Mr. Couch's legs in a blanket and setting fire to the trailer.  The men took some buckets of money from Mr. Couch's home, and Charles received some $500.  Hawkins's sister, Sharon Bowen, overheard part of this exchange.

Ms. Young met with Wayne Firnkoess, a special agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF), and agreed to carry a surveillance device capable of recording a conversation.  She met with Hawkins on April 25, 1985, for about 4½ hours; the entire encounter was recorded.  Although much of their time together was spent running errands, Hawkins discussed the details of the crime and his involvement therein for about 20 minutes.  The conversation essentially corroborated his earlier statement to Ms. Young, but Hawkins increased the amount of money he claimed to have received to about $2,000.

Law enforcement officers arrested Hawkins on October 20, 1986, and charged him with murder in the first degree.  Hawkins then gave a detailed statement of what happened at the Couch residence but denied that either he or his brother was involved.  He later changed his story and admitted that he helped plan the burglary and arson, but denied any involvement in the murder.  David Hawkins was arrested the next day, and Combs was arrested the next week.

At pretrial hearings, Charles Hawkins's statements to the law enforcement officers were ruled admissible, and a 20–minute summary of the conversation recorded by Ms. Young was authenticated and ruled admissible over Hawkins's objection.  At trial, Sharon Bowen testified that she overheard part of the initial conversation between Hawkins and Young.  The defense on cross-examination attempted to ask Bowen what Hawkins's motivation was for making such statements to Young, but the State's hearsay objection was sustained.  Before the surveillance tape was played for the jury, the judge asked Mr. Firnkoess, the authenticating witness, whether he knew of cases where 100-hour tape recordings were admitted in full.  Firnkoess answered in the negative.

REPORT AND RECOMMENDATION - 2

Hawkins was convicted of first degree felony-murder under RCW 9A.32.030(1)(c).  His standard range is 271 to 361 months.  The sentencing judge entered reasons in support of an exceptional sentence and imposed a minimum term of 600 months (50 years) and a maximum of life imprisonment.

ECF No. 20, Exhibit 2.

**B.    Statement of Procedural History**

**1.    State Court Procedural History**

**a.    Direct Appeal – Cause No. 10936-1-II & 56162-1**

The superior court sentenced Mr. Hawkins on April 17, 1987.  ECF No. 20, Exhibit 1. The judgment and sentence indicated the sentence was a minimum of 600 months, and a maximum of life imprisonment.  *Id.*, Exhibit 1, at 3.  Mr. Hawkins appealed from his conviction and sentence to the Washington Court of Appeals.  *See* Exhibit 2, at 1. The Washington Court of Appeals issued its opinion on March 14, 1989.  *Id.*, Exhibit 2.

The Washington Court of Appeals first affirmed the conviction, rejecting Mr. Hawkins's claims that the trial court improperly admitted evidence and improperly instructed the jury.  *Id.*, Exhibit 2, at 2-3.  The court then affirmed the 600-month sentence, rejecting Mr. Hawkins's challenge to the reasons supporting the exceptional sentence.  *Id.*, Exhibit 2, at 3-4.  The court determined that Mr. Hawkins was not subject to a term of life imprisonment as he committed his crime after July 1, 1984, the effective date of the Sentencing Reform Act.  *Id.*, Exhibit 2, at 4-5. But the court did not remand for resentencing.  Instead, the court concluded that because it had affirmed the 600-month sentence, "we need not remand this case for resentencing. The maximum life sentence and the designation 'minimum' are deleted; the exceptional sentence of 600 months shall be enforced."  *Id.*, Exhibit 2, at 5.  The Washington Supreme Court denied review on June 28, 1989.  *Id.*, Exhibit 3.  Respondent cannot obtain the state court files for Mr.

REPORT AND RECOMMENDATION - 3

Hawkins's direct appeal as the files no longer exist under the state court's record retention schedule.   ECF No. 19, p. 3.

### b.      Personal Restraint Petition – Cause No. 27091-9-II

In April 2001, Mr. Hawkins filed a personal restraint petition in the Washington Court of Appeals.   ECF No. 20, Exhibit 4.   Mr. Hawkins asked the court to treat the personal restraint petition as a late filed appeal from a superior court order denying a state habeas corpus petition. *Id.*, Exhibit 5.   The court denied Mr. Hawkins's request to treat the personal restraint petition as a late filed appeal.   *Id.*, Exhibit 7.   The prosecution moved to dismiss the personal restraint petition.   *Id.*, Exhibit 8; *see also* Exhibit 9 (Petitioner's Reply).   The Washington Court of Appeals dismissed the personal restraint petition under the state time bar, RCW 10.73.090, on July 18, 2001.   *Id.*, Exhibit 10.   It appears that Mr. Hawkins sought review by the Washington Supreme Court of the order denying his personal restraint petition, but Respondent is unable to obtain a copy of the Washington Supreme Court's file as it no longer exists.   ECF No. 19, p. 4. The Washington Court of Appeals issued a certificate of finality on May 15, 2002. ECF No. 20, Exhibit 11.

### c.      Personal Restraint Petition – Cause No. 32231-5-II

In July 2004, Mr. Hawkins filed a post-conviction motion in the superior court.   ECF No. 20, Exhibit 12.   The superior court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition.   *Id.*, Exhibit 13; *see also* Exhibit 14 (Response); Exhibit 15 (Petitioner's Reply).   The Washington Court of Appeals dismissed the petition as time barred on December 16, 2004.   *Id.*, Exhibit 16.   It appears Mr. Hawkins sought review by the Washington Supreme Court.   However, Respondent is unable to obtain a copy of the Washington

REPORT AND RECOMMENDATION - 4

1    Supreme Court's file as the file no longer exists.  ECF No. 19, p. 4.  The Washington Court of

2    Appeals issued a certificate of finality on December 6, 2005.  ECF No. 20, Exhibit 17.

3                    d.        **Personal Restraint Petition – Cause No. 34878-1-II & 79391-3**

4            In January 2006, Mr. Hawkins filed a post-conviction motion in the superior court,

5    challenging his judgment and sentence.   ECF No. 20, Exhibit 18.  The superior court transferred

6    the motion to the Washington Court of Appeals for consideration as a personal restraint petition.

7    *Id.*, Exhibit 19, Order Transferring Motion to Court of Appeals, *State v. Hawkins*, Lewis County

8    Cause No. 86-1-00213-2.  Mr. Hawkins challenged the superior court's order transferring his

9    motion.  *Id.*, Exhibit 20.  The Washington Court of Appeals ruled that the superior court properly

10   transferred the petition.  *Id.*, Exhibits 21-23.  The Washington Court of Appeals dismissed the

11   petition as both time barred and successive.  *Id.*, Exhibit 24.  Mr. Hawkins filed a motion for

12   reconsideration.  *Id.*, Exhibit 25; *see also* Exhibit 26 (Motion to Exclude Attorney Jeremy

13   Randolph and Lewis Co. Prosecutor's Office and request for the Superior Court of Lewis Co. to

14   enter Order of Dismissal under CrR 8.3(b)).  The Washington courts treated the motion as a

15   motion for discretionary review because the order dismissing the personal restraint petition was

16   not subject to reconsideration.  *Id.*, Exhibit 27.

17           The Commissioner of the Washington Supreme Court denied review, ruling the petition

18   was properly dismissed as time barred.  ECF No. 20, Exhibit 28.  Mr. Hawkins moved to modify

19   the Commissioner's ruling.  *Id.*, Exhibit 29.  The court denied the motion to modify without

20   comment on March 6, 2007.  *Id.*, Exhibit 30.  The Washington Court of Appeals issued a

21   certificate of finality on May 21, 2007.  *Id.,* Exhibit 31.

REPORT AND RECOMMENDATION - 5

1

2   **e.       Post-Conviction Motions – Cause No. 37945-7-II & 83696-5**

3        In May 2007 and June 2007, Mr. Hawkins filed two post-conviction motions in the

4   superior court.  ECF No. 20, Exhibits 32 and 33.  The superior court attempted to transfer the

5   motions to the Washington Court of Appeals for consideration as a personal restraint petition.

6   *Id.,* Exhibit 34.  The Washington Court of Appeals, however, rejected the transfer and returned

7   the motions to the superior court.  *Id.*, Exhibit 35 (Order) and Exhibit 36 (Certificate of Finality).

8        Mr. Hawkins also filed a copy of the "Petition for Application and Issuance of Writ of

9   Mandamus" in the Washington Supreme Court.  *Id.,* Exhibit 37; *see also* Exhibit 38 (State's

10  Response).  The Washington Supreme Court, like the Washington Court of Appeals, directed the

11  superior court to consider Mr. Hawkins's post-convictions motions.  *Id.*, Exhibit 39.

12       On May 29, 2008, the superior court held a hearing on the post-conviction motions filed

13  by Mr. Hawkins.   ECF No. 20, Exhibit 40.  The superior court denied the motions.  *Id.*, Exhibit

14  40, at 7-9.  Mr. Hawkins appealed to the Washington Court of Appeals.  *Id.,* Exhibit 41

15  (Opening Brief); Exhibit 42 (Response Brief); Exhibit 43 (Supporting Brief of Additional

16  Grounds).  The Washington Court of Appeals affirmed the denial of the post-conviction motions.

17  *Id.*, Exhibit 44; *see also* Exhibit 45 (Appellant's Motion for Reconsideration), and Exhibit 46

18  (Order Denying Motion for Reconsideration).  The Washington Court of Appeals determined

19  Hawkins's collateral challenges to his judgment and sentence were time barred.  *Id.*, Exhibit 44,

20  at 4.

21       Mr. Hawkins sought review by the Washington Supreme Court.  ECF No. 20, Exhibit 47.

22  The Washington Supreme Court denied review on February 10, 2010.  *Id.*, Exhibit 48.  The

23  Washington Court of Appeals issued the mandate on February 26, 2010.  *Id.*, Exhibit 49.

24

25

26

REPORT AND RECOMMENDATION - 6

**f.     Appeal From Order Correcting Judgment And Sentence – Cause Nos. 40745-1-II, 66936-2-I, & 86777-1**

On May 7, 2010, the superior court entered an order to make a ministerial change to the existing judgment and sentence.  ECF No. 20, Exhibit 50; *see also* Exhibit 51 (Verbatim Report of Proceedings, May 7, 2010).  The order did not alter the 600-month sentence previously affirmed by the Washington Court of Appeals on direct appeal.  *Compare* Exhibits 2 and 50. Instead, the order simply struck from the judgment and sentence the language "maximum term of life imprisonment" and "minimum" that the Washington Court of Appeals had earlier ordered stricken.  *Compare* Exhibits 2 and 50.

Mr. Hawkins appealed from the order to the Washington Court of Appeals.  *Id.,* Exhibit 52 (Brief of Appellant); Exhibit 53 (Respondent's Brief); Exhibit 54 (Appellant's Pro Se Additional Grounds Under RAP Rule 10.10).  The appeal was transferred from Division II to Division I.  The Washington Court of Appeals affirmed the order making the ministerial change to the existing judgment and sentence.  *Id.*, Exhibit 55.  Mr. Hawkins sought review by the Washington Supreme Court.  *Id.*, Exhibit 56 (Petition for Review); Exhibit 57 (Supplemental Notice of Record on Review).  The Washington Supreme Court denied review on March 7, 2012. *Id.*, Exhibit 58.  The state court issued its mandate on May 30, 2012.  *Id.*, Exhibit 59.

**2.     Prior Federal Habeas Corpus Petitions**

In 1989, Mr. Hawkins filed his first federal habeas corpus petition challenging his custody under the Lewis County judgment and sentence.  ECF No. 20, Exhibit 60 (Docket, *Hawkins v. Ducharme*, USDC Cause No. C89-587-RJB-FDB (Entry # 3)).  The Court dismissed the petition for failure to exhaust state remedies.  *Id.*, Exhibit 60 (Entries # 16, 18, and 19).

Mr. Hawkins filed a second federal habeas corpus petition challenging his custody in 1990.  ECF No. 20, Exhibit 61 (Docket, *Hawkins v. Ducharme*, USDC Cause No. C90-5190-JET

REPORT AND RECOMMENDATION - 7

(Entry # 3)).  The Court again dismissed the petition for failure to exhaust state remedies.  *Id.*, Exhibit 61 (Entries # 11, 13, and 14).

In 2002, Hawkins filed a third federal habeas corpus petition challenging his custody under the Lewis County judgment and sentence.  ECF No. 20, Exhibit 62 (Docket, *Hawkins v. Morgan*, USDC Cause No. C02-5043-RJB (Entry # 1)).  The Court dismissed the petition with prejudice under the statute of limitations, 28 U.S.C. § 2244(d).  *Id.*, Exhibit 63 (Report and Recommendation, *Hawkins v. Morgan*, USDC Cause No. C02-5043-RJB); Exhibit 64 (Order Adopting Report and Recommendation and Dismissing Petition for Writ of Habeas Corpus, *Hawkins v. Morgan*, USDC Cause No. C02-5043-RJB); Exhibit 65 (Judgment, *Hawkins v. Morgan*, USDC Cause No. C02-5043-RJB.

In 2003, Mr. Hawkins filed a fourth federal habeas corpus petition challenging his custody.  ECF No. 20, Exhibit 66 (Petition, *Hawkins v. Miller-Stout*, USDC Cause No. C03-5579-RBL).  Finding the successive petition was subject to 28 U.S.C. § 2244(b), the Court transferred the petition to the Ninth Circuit pursuant to Circuit Rule 22-3.  *Id.*, Exhibit 67 (Report and Recommendation, *Hawkins v. Miller-Stout*, USDC Cause No. C03-5579-RBL); Exhibit 68 (Order Adopting Report and Recommendation, *Hawkins v. Miller-Stout*, USDC Cause No. C03-5579-RBL); Exhibit 69 (Judgment, *Hawkins v. Miller-Stout*, USDC Cause No. C03-5579-RBL).  The Ninth Circuit found that Mr. Hawkins did not satisfy 28 U.S.C. § 2244(b) and denied Mr. Hawkins authorization to file the successive petition.  *Id.,* Exhibit 70 (Order, *Hawkins v. Miller-Stout,* Ninth Circuit Cause No. 04-71070).

**ISSUES FOR HABEAS REVIEW**

Mr. Hawkins presents the following five grounds for habeas corpus relief:

1. Petitioner's Sixth Amend. right to counsel violated at hearing in Cowlitz County on May 7th, 2010.

REPORT AND RECOMMENDATION - 8

2.   Did "Lack of Jurisdiction" by out-of-county hearing violate Petitioner's Sixth Amend. [right] to public trial?

3.   Does "Res Judicata" bar defendant from raising his claims on direct appeal?

4.   Did Cowlitz County lack venue in order to resentence Petitioner?

5.   Was Hawkins entitled to adjudication of his federal case law and claims at the state court level where he submitted the federal argument and case law supporting that the 24 year delay in resentencing him was reversible error? Is Hawkins entitled to dismissal as asked for in his motion to dismiss his case for delay?

ECF No. 1, at 5-13.  Respondent does not dispute that Mr. Hawkins appears to have properly exhausted his available state remedies by presenting his five claims to the Washington Court of Appeals and Washington Supreme Court as federal claims.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661-662 (2001).  Title 28 U.S.C. § 2244(b) provides, in part:

**(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed**.

**(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –**

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

REPORT AND RECOMMENDATION - 9

evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Title 28 U.S.C. § 2244(b) (Emphasis added.)

The core principle underlying § 2244(b) is that, absent extraordinary circumstances, a federal habeas petitioner will have only one opportunity to litigate a federal habeas petition.  At a minimum, a subsequent federal petition filed by a prisoner who has already received one adjudication of a habeas petition constitutes a "second or successive application" within the meaning of § 2244(b).  A request for authorization to file such a repetitive petition under § 2244(b)(3) must be denied unless the petitioner's claims fall within one of the two narrow exceptions set forth in § 2244(b)(2).  In the absence of proper authorization from the Court of Appeals, a district court lacks jurisdiction to consider a habeas corpus petition that is a second or successive one within the meaning of § 2244(b).  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  This Court may transfer a second or successive petition erroneously filed with the district court to the Ninth Circuit for its "gatekeeper" review under § 2244(b)(3).

28 U.S.C. § 2244(b)(3)(A) creates a "gatekeeping" mechanism for the consideration of second or successive petitions.  *Felker v. Turpin*, 518 U.S. 651, 657 (1996).  "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."  *Id*.  The applicant must make a prima facie showing that the application satisfies the requirements of § 2244(b).  *Id*.

The case of *Burton v. Stewart*, 549 U.S. 147, 152 (2007), is instructive here.  Burton was in custody under a 1998 state court judgment and sentence when in 1998 he filed his first habeas corpus

REPORT AND RECOMMENDATION - 10

1    petition challenging his convictions.  *Burton*, 549 U.S. at 153.  Burton was in custody under the same

2    1998 state court judgment and sentence when he filed a second petition in 2002 challenging his

3    sentence.  *Id.*  Burton asserted that because his first petition challenged his convictions, and his

4    second petition challenged his sentence, the second petition was not "second or successive" under 28

5    U.S.C. § 2244(b).  The Supreme Court rejected this argument, holding the 2002 petition was a

6    "second or successive" petition, subject to the "gatekeeping" provisions of the statute, because it

7    challenged the same custody under the same judgment challenged in the first petition:

8
            In short, Burton twice brought claims contesting the same custody imposed by the
9           same judgment of a state court.  As a result, under AEDPA, he was required to
            receive authorization from the Court of Appeals before filing his second challenge.
10          Because he did not do so, the District Court was without jurisdiction to entertain it.

11   *Burton*, 549 U.S. at 153.

12          Likewise, Mr. Hawkins previously filed petitions challenging his custody under the state

13   court judgment and sentence challenged by the current petition.  This Court denied at least one of

14   Hawkins prior petitions with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a

15   subsequently filed petition.  Thus, the current petition is subject to the "gatekeeping" provisions of 28

16   U.S.C. § 2244(b).  *Burton*, 549 U.S. at 153.   28 U.S.C. § 2244(b) applies where the petition is a

17   "second or successive" application challenging the same state-court judgment."  *Magwood v.*

18   *Patterson,* 130 S.Ct. 2788, 2796 (2010).  The "phrase 'second or successive' must be interpreted with

19   respect to the judgment challenged."  Thus, the "existence of a new judgment is dispositive."  *Id.* at

20   2800-01.

21          Mr. Hawkins argues that he is challenging "only the sentencing issues that arose from the

22   May 7, 2010 hearing."  ECF No. 22, p. 7.  He argues that he has not had a previous opportunity to

23   raise a "post-Blakely challenge because this is the first time he has been resentenced after the ruling

24   in *Blakely* was filed."  *Id.*, p. 8.

25

26

REPORT AND RECOMMENDATION - 11

However, as noted above, the superior court's order made only a ministerial change to Mr. Hawkins's existing judgment, correcting language in the judgment and sentence. The superior court did not resentence Hawkins, and did not enter a new judgment and sentence. The superior court did not alter the existing 600-month sentence, previously affirmed by the Washington Court of Appeals in 1989. The superior court did not enter a new judgment and sentence. Moreover, Mr. Hawkins's *Blakely* argument does not avail him as the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004), announced a new rule that did not apply retroactively to Mr. Hawkins's sentence. See *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060 (1989); see also *Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005) (*Blakely* does not apply retroactively to a 28 U.S.C. § 2254 habeas petition).

The Court lacks jurisdiction under 28 U.S.C. § 2244(b) because Mr. Hawkins has not received authorization from the Ninth Circuit to file the current petition. Until the Ninth Circuit authorizes the filing of the petition, this Court lacks jurisdiction to consider the petition. The Court may transfer the petition to the Ninth Circuit for consideration as an application for leave to file a successive petition. *See* Ninth Circuit Rule 22-3(a), which states:

> (a)    Application. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

## CONCLUSION

This Court lacks jurisdiction and should transfer the petition to the Ninth Circuit Court of Appeals as a second or successive petition, pursuant to Ninth Circuit Rule 22-3(a), and administratively close the file.

REPORT AND RECOMMENDATION - 12

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

**Deember 7, 2012**, as noted in the caption.


      **DATED** this   15th   day of November, 2012.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13